NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **Scott Wallis,**<br><br>　　　　**Appellant,**<br><br>　　v.<br><br>**Kid Brands, Inc.,** *et al.***,**<br><br>　　　　**Appellees.**<br>_____<br><br>**In re:**<br><br>**Kid Brands, Inc.,** *et al.***,**<br><br>　　　　**Debtors.** | Docket No.: 14-cv-7179<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

　　　　Before the Court is an unopposed motion to dismiss the appeal of a bankruptcy order.  The bankruptcy is a chapter 11 reorganization of several related corporations (the "Debtors"), including Sassy LLC.  The Appellant is Scott Wallis, a creditor.  On July 28, 2014, the Debtors filed a motion to sell the assets of Sassy LLC (the "Sassy Sale").  The last date to object to the Sassy Sale was August 4, 2014.  On August 4, Wallis filed a motion requesting an extension of 28 days to file an objection to the Sassy Sale.  Wallis's reason for requesting the extension was that he was going to be in Florida for a graduation and to go on vacation from August 3 until August 28.  The Bankruptcy Court denied the motion to extend the deadline and entered an order authorizing the Sassy Sale.  The Sassy Sale closed on August 18.  Several days later,

1

Wallis filed a Notice of Appeal of the order denying his motion to extend and of all subsequent orders.  Since then, Wallis has done nothing to prosecute the appeal.

Bankruptcy Rule 8006 provides, in pertinent part, that "[w]ithin 14 days after filing a notice of appeal as provided by Rule 8001(a) . . . the appellant shall file with the clerk and serve on the appellee a designation of items to be included in the record on appeal and a statement of issues to be presented."

Here, Appellant's deadline was September 10, 2014.  Appellant has made no efforts to comply with Bankruptcy Rule 8006 or otherwise prosecute this appeal. Moreover, he has a history of dilatory behavior, as demonstrated by both his failure to prosecute this appeal and his previous eleventh-hour request to delay the Bankruptcy Court's decision about the Sassy Sale so that he could go on a month-long vacation to another state.  As the Appellees note in their brief, the unwinding of the Sassy Sale now would cause an exceptionally great burden on many parties, and any argument to undo the Sassy Sale would have to be exceptionally meritorious in order to be just.

For these reasons, the motion is granted, and the appeal is dismissed.  An appropriate order follows.

/s/ William J. Martini
_____
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: December 16, 2014**

2